**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA**

JAMES MELVIN WORTON, JR.,            )
                                     )
            Plaintiff,               )
                                     )
v.                                   ) Case No. CIV-14-028-RAW-KEW
                                     )
CAROLYN W. COLVIN, Acting            )
Commissioner of Social               )
Security Administration,             )
                                     )
            Defendant.               )

**REPORT AND RECOMMENDATION**

Plaintiff James Melvin Worton, Jr. (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the recommendation of the undersigned that the Commissioner's decision be REVERSED and REMANDED for further proceedings.

**Social Security Law and Standard of Review**

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment. . ."

42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy. . ." 42 U.S.C. §423(d)(2)(A). Social Security regulations implement a five-step sequential process to evaluate a disability claim. *See*, 20 C.F.R. §§ 404.1520, 416.920.[1]

Judicial review of the Commissioner's determination is limited in scope by 42 U.S.C. § 405(g). This Court's review is limited to

---

[1] Step one requires the claimant to establish that he is not engaged in substantial gainful activity, as defined by 20 C.F.R. §§ 404.1510, 416.910. Step two requires that the claimant establish that he has a medically severe impairment or combination of impairments that significantly limit his ability to do basic work activities. 20 C.F.R. §§ 404.1521, 416.921. If the claimant is engaged in substantial gainful activity (step one) or if the claimant's impairment is not medically severe (step two), disability benefits are denied. At step three, the claimant's impairment is compared with certain impairments listed in 20 C.F.R. Pt. 404, Subpt. P, App. 1. A claimant suffering from a listed impairment or impairments "medically equivalent" to a listed impairment is determined to be disabled without further inquiry. If not, the evaluation proceeds to step four, where claimant must establish that he does not retain the residual functional capacity ("RFC") to perform his past relevant work. If the claimant's step four burden is met, the burden shifts to the Commissioner to establish at step five that work exists in significant numbers in the national economy which the claimant – taking into account his age, education, work experience, and RFC – can perform. Disability benefits are denied if the Commissioner shows that the impairment which precluded the performance of past relevant work does not preclude alternative work. *See generally,* Williams v. Bowen, 844 F.2d 748, 750-51 (10th Cir. 1988).

two inquiries: first, whether the decision was supported by substantial evidence; and, second, whether the correct legal standards were applied. Hawkins v. Chater, 113 F.3d 1162, 1164 (10th Cir. 1997)(citation omitted). The term "substantial evidence" has been interpreted by the United States Supreme Court to require "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). The court may not re-weigh the evidence nor substitute its discretion for that of the agency. Casias v. Secretary of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991). Nevertheless, the court must review the record as a whole, and the "substantiality of the evidence must take into account whatever in the record fairly detracts from its weight." Universal Camera Corp. v. NLRB, 340 U.S. 474, 488 (1951); *see also*, Casias, 933 F.2d at 800-01.

**Claimant's Background**

Claimant was born on April 21, 1959 and was 53 years old at the time of the ALJ's decision. Claimant completed her high school education. Claimant has worked in the past as a machine maintenance servicer, heavy equipment mechanic, and welder. Claimant alleges an inability to work beginning August 31, 2008 due to limitations

3

resulting from a torn diaphragm, chest pain, back problems, arthritis, and depression.

## Procedural History

On August 9, 2010, Claimant protectively filed for disability insurance benefits under Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. Claimant's applications were denied initially and upon reconsideration. An administrative hearing was conducted by Administrative Law Judge Jodi Levine ("ALJ") on September 4, 2012 in Ardmore, Oklahoma. The ALJ issued an unfavorable decision on October 12, 2012. On December 4, 2013, the Appeals Council denied review. As a result, the decision of the ALJ represents the Commissioner's final decision for purposes of further appeal. 20 C.F.R. §§ 404.981, 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step five of the sequential evaluation. He determined that while Claimant suffered from severe impairments, he retained the RFC to perform light work with restrictions.

## Error Alleged for Review

Claimant asserts the ALJ committed error in (1) failing to properly evaluate Claimant's transferable skills from his past

4

relevant work; and (2) rejecting the opinions of the nurse practitioner rendering treatment to Claimant.

**Consideration of Claimant's Transferrable Skills**

In his decision, the ALJ determined Claimant suffered from the severe impairments of status post torn diaphragm and a hernia. (Tr. 15). He concluded that Claimant retained the RFC to perform light work except that he could only occasionally climb, kneel, crouch, crawl, balance, and stoop with no twisting from the waist and no concentrated exposure to dust, fumes, odors, gases, and poor ventilation. (Tr. 18). After consultation with a vocational expert, the ALJ determined Claimant could perform the representative jobs of ultrasonic hand solderer, wire harness assembler, and lamination assembler, all of which the vocational expert testified existed in sufficient numbers in the regional and national economies. (Tr. 22). Based upon these findings, the ALJ concluded Claimant was not disabled from August 31, 2008 through the date of the decision. (Tr. 22-23).

Claimant contends the ALJ failed to properly evaluate her transferable skills. A finding of transferable skills may only be made "when the skilled or semi-skilled work activities [Claimant] did in past work can be used to meet the requirements of skilled or semi-skilled work activities of other jobs or kinds of work."

Dikeman v. Halter, 245 F.3d 1182, 1185 (10th Cir. 2001); 20 C.F.R. §§ 404.1568(d), 416.968(d). Additionally, "[w]hen an ALJ makes a finding that a claimant has transferable skills, the ALJ must identify the specific skills actually acquired by the claimant and the specific occupations to which those skills are transferable." Id. at 1185 citing Soc. Sec. R. 82-41. Neither the ALJ in his decision nor the vocational expert in his testimony specifically identified the skills which were transferable from Claimant's past relevant work to the representative jobs identified by the vocational expert. (Tr. 50-53). Instead, the vocational expert merely relied upon the occupational titles of Claimant's past relevant work alone to conclude Claimant possessed the skills transferable to the representative jobs he identified. On remand, the ALJ shall comply with the requirements for identifying Claimant's transferable skills.

## Consideration of Nurse's Opinions

On August 23, 2012, Patricia Owens, ARNP authored a "to whom it may concern" letter concerning her treatment of Claimant. She stated that Claimant had been her patient for the past two years and that he suffered for several years with chronic chest pain and shortness of breath largely due to a large hernia into his chest cavity. Ms. Owens stated Claimant had a defect in his thorax that

6

allowed large loops of small and large bowel to herniate into the rights side of his chest cavity which put pressure on his trachea and caused increased pressure on the left side of his chest where his heart sits. Ms. Owens recognized that the condition causes Claimant "great discomfort" and, in her opinion, made him "totally disabled due to" the condition. She also noted Claimant did not have the resources for proper health care. Ms. Owens stated Claimant was unable to maintain any position whether it is sitting, standing, or walking for any length of time because it is necessary for him to reposition frequently due to the pressure in his chest that caused pain and shortness of breath. (Tr. 394).

The ALJ acknowledged the opinion but concluded that Ms. Owens was commenting on issues reserved to the Commissioner concerning his ability to work. He also found Ms. Owens to not be an acceptable medical source. He concluded Ms. Owens' statements were conclusory with little explanation of the evidence upon which she relied. As a result, the ALJ gave Ms. Owens' opinion "no weight." (Tr. 20).

The statement that Ms. Owens commented on issues reserved for the Commissioner should not have discounted the entirety of her opinion. She also set forth in some detail given the brevity of the letter the extent of Claimant's condition and the functional effect

7

it will have upon him. The ALJ should have referenced these findings in his opinion. An ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability." Haga v. Astrue, 482 F.3d 1205, 1208 (10th Cir. 2007).

The ALJ also found Ms. Owens was not an acceptable medical source. This alone does not justify the complete rejection of the opinion. Certainly, Ms. Owens' is considered an "other source" under 20 C.F.R. § 404.1513(d) to indicate the severity of any impairment. As such, the opinion is to be considered by the ALJ.

The third basis for rejection of Ms. Owens' opinion was that it was "quite conclusory" with "very little explanation of the evidence relied on in forming that opinion." The opinion contained the length of the treating relationship between Ms. Owens and Claimant, the specific condition for which treatment was sought and rendered, and the prospect for functional limitations resulting from the condition. The condition is well-documented within the medical record. (Tr. 277-78, 281-83, 349, 352-53, 393). The ALJ is required to consider all medical opinions, whether they come from a treating physician or non-treating source. Doyle v. Barnhart, 331 F.3d 758, 764 (10th Cir. 2003); 20 C.F.R. § 416.927(c). He must provide specific, legitimate reasons for rejecting any such

opinions.  The ALJ must also give consideration to several factors in weighing any medical opinion.  Id.; 20 C.F.R. § 416.927(d)(1)-(6).  On remand, the ALJ shall analyze Ms. Owens' opinion in light of the totality of the medical record and provide a more detailed explanation of any rejection of its content.

## Conclusion

The decision of the Commissioner is not supported by substantial evidence and the correct legal standards were not applied.  Therefore, the Magistrate Judge recommends for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be **REVERSED and the matter REMANDED** for further proceedings consistent with this Order.

The parties are herewith given fourteen (14) days from the date of the service of these Report and Recommendation to file with the Clerk of the court any objections, with supporting brief.  Failure to object to the Report and Recommendation within fourteen (14) days will preclude appellate review of this decision by the District Court based on such findings.

DATED this 3rd day of March, 2015.

_____
KIMBERLY E. WEST
UNITED STATES MAGISTRATE JUDGE